IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| FAY RADIANCE, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:22-cv-2010-JTF-cgc |
| ) | |
| DEANDRE CORTEZ WAY *p/k/a* ) | |
| SOUJA BOY, alternatively *p/k/a* ) | |
| SOUJA BOY TELLEM, SOUJA BOY ) | |
| TELLEM MUSIC, INC., ) | |
| Defendant. ) | |

**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR STATUTORY DAMAGES AND GRANTING ATTORNEYS' FEES SUBSEQUENT TO DEFAULT JUDGMENT**

Before the Court is Plaintiff Fay Radiance, LLC's ("FR") request for statutory damages, and attorneys' fees subsequent to default judgment, filed on February 6, 2025. (ECF No. 26.) Defendant Deandre Cortez Way ("Way") did not file a response. On January 7, 2022, Plaintiffs filed the instant Complaint. (ECF No. 1.) Way was served on November 9, 2022. (ECF No. 19.) On January 24, 2023, FR filed a motion for default judgment. (ECF No. 20.) Pursuant to Fed. R. Civ. Pro. 55, the Clerk of Court entered default judgment against Way on January 25, 2023. (ECF No. 21.) Thereafter, FR filed a Motion for Statutory Damages, Court Costs, and Attorneys' Fees Subsequent to Default Judgment, filed on April 22, 2024. (ECF No. 24.) On January 22, 2025, this Court issued an Order Granting Court Costs and Holding in Abeyance Motion for Statutory Damages and Attorneys' Fees Subsequent to Default Judgment. (ECF No. 25.) FR filed a Response on February 6, 2025, providing justification as to why the Court should grant it the maximum statutory damages award and the requested attorney's fees. (ECF No. 26.) Before the Court could

1

grant such a request, the Court filed an Order to Show Cause on March 18, 2025, directing FR to provide further clarification on whether its LLC was dissolved at the passing of its member Mrs. Brenda Wolfe. (ECF No. 27.) On March 26, 2025, FR presented evidence demonstrating that it was still in existence. (ECF No. 28.) For the reasons set below, FR's motion is **GRANTED**.

I.   BACKGROUND

This is an action for willful copyright infringement of a musical composition alleged to be in violation of the United States Copyright Law 17 U.S.C. §§ 101 et seq. FR seeks damages from Way and Souja Boy Tellem Music, Inc. ("Tellum") for infringing on its copyright protected song, "Love Me Not."[1] This song was written by Kevin Wolfe in 2005 and was included on his album, "OFF DA CHAIN" in the same year.[2] (*Id.* at 2 ¶ 2.) The full album, which includes "Love Me Not", was registered for copyright on August 8, 2005. (ECF No. 1-2.) FR claims that the lyrics and melodies of "Love Me Not" are original and unique. (ECF No. 1, 2 ¶ 4.)

On January 10, 2019, Way released his album "Fuego," which included the song, "She Love Me Not." (*Id.* at ¶ 5.) Way claimed all credit for songwriting and publishing for this composition. (*Id.*) FR alleges that Way's song "She Love Me Not" has received considerable airplay through different sources, including various and sundry on-line sources including YouTube. Since its release, "She Love Me Not" has been downloaded or accessed on-line over 10,000,000 times. (*Id.* at ¶ 6.) They show that Way's album, containing the allegedly infringed work, has amassed 35,500 views.[3] FR also alleges that Way has performed the song during in-person concerts as well. (*Id.*) FR argues that Way's "She Love Me Not" represents at least an 80%

---

[1] Kevin Wolfe, the artist who created the copyrighted "Love Me Not" granted power to his mother to start Fay Radiance, LLC and assign to it all rights to his creative works.
[2] FR claims that this musical composition was written in 2005, but they also claim that Way heard Wolfe perform it at an in-person concert in 2003. (*Id.* at 10 ¶ 16.)
[3] FR does not provide specific dates related to the number of views.

use of Wolfe's "Love Me Not" style, lyrics, melodies, rhythms, and repeated chorus structures. (*Id.* at 9, ¶ 15.)

Subsequently, FR sent cease and desist letters to Way and Tellem on July 10, 2020. (*Id.* at 10 ¶ 17.) However, FR alleges that Way continued to Infringe upon Wolfe's copyright despite this notice and has still not sought permission or license from either Wolfe or FR to use the copyright. (*Id.* at ¶ 18–19.) Consequently, FR filed the instant motion. As of this date, Defendant has not filed an answer, or otherwise responded to the Complaint or the motion, even though he was served with the Complaint on November 9, 2022. (ECF No. 19.) Claiming that Way's infringement was willful and continuous, FR seeks the maximum statutory damages award of $150,000.00 under 17 U.S.C. § 504(c). (ECF No. 24, 2.) Plaintiff also seeks attorney's fees pursuant to § 505 in the amount of $12,600.00. (ECF No. 26, 4.)

## II.    STATUTORY DAMAGES

"Statutory damages serve the dual purpose of compensation and deterrence: they compensate the plaintiff for the infringement and they deter future infringements by punishing the defendant for its actions." *See Broadcast Music, Inc. v. George Moore Enterprises, Inc.*, 184 F. Supp. 3d 166, 171 (W.D. Penn. Apr. 25, 2016). Under the Copyright Act, a plaintiff may elect to recover their actual damages plus the infringer's profit attributable to the infringement, or statutory damages. 17 U.S.C. § 504. Within statutory limits, district courts have wide discretion in determining the amount of statutory damages. *Zomba Enterprises, Inc. v. Panorama Records, Inc.*, 491 F.3d 574, 586 (6th Cir. June 26, 2007); *West Stone Works Co., Inc. v. Wilson's Funeral Home*, No. 2:21-cv-02103-TLP-tmp, 2021 WL 3040759, at *2 (W.D. Tenn. July 19, 2021) (citing *Disney Enter's v. Farmer*, 427 F. Supp. 2d 807, 816 (E.D. Tenn. 2006)); *see* 17 U.S.C. § 504(c)(2). In the

standard copyright-infringement case, a court has discretion to award statutory damages of any amount between $750 and $30,000 for each copyright infringed. 17 U.S.C. § 504. But the Court may increase the award up to $150,000 if the plaintiff proves that the defendant committed the infringement willfully. *Id.* However, proving willfulness does not automatically entitle a copyright holder to the statutory maximum. *See AF Holdings LLC v. Bossard*, 976 F. Supp. 2d 927, 930 (W.D. Mich. Feb. 14, 2013). In determining an appropriate statutory damage award, district courts typically consider factors such as (1) the expenses saved and profits reaped by the defendants in connection with the infringements, (2) the revenues lost by plaintiffs as a result of the defendants' conduct, and (3) the infringers' state of mind whether willful, knowing, or merely innocent. *Disney Enter's*, 427 F. Supp. 2d at 816 (internal citations and quotations omitted). The Court may also consider "the goal of discouraging wrongful conduct." *Id.*

The Clerk's entry of default allows FR to conclusively establish Way's liability. *See West Stone Works Co.*, 2021 WL 3040759, at *2 (stating that upon obtaining default judgment, a plaintiff meets their burden of showing that a defendant has willfully infringed). But this does not automatically entitle FR to the maximum statutory award of $150,000. *AF Holdings LLC*, 976 F. Supp. 2d at 930. In their Response, FR relies heavily on Way's failure to participate in this litigation as a reason for why their request is just. Plaintiff also provides a Declaration of the singer Kevin Wolfe in support of its Complaint and the request for maximum statutory damages. (ECF No. 26-1.)

Significantly, the Court agrees that Way's lack of cooperation prevents FR from assessing expenses saved and profits reaped by Way, relative to its willful infringement of FR's copyright. Way's resistance also prevents FR from accurately calculating its own lost revenues. *See Microsoft Corp. v. McGhee*, 490 F. Supp. 2d. 874, 882 (S.D. Ohio May 18, 2007) (noting that statutory

damages are appropriate in default judgment cases because the information needed to prove actual damages is within the infringers' control and is not disclosed). The Court gave FR an opportunity to show why their request for the maximum statutory damage award of $150,000.00 is appropriate. (ECF No. 25.) FR's additional support is insufficient. (*See* ECF No. 26.) This is understandable, given Way's resistance and lack of cooperation. However, FR suggests that Way improperly benefited by at least an 80% use of Wolfe's "Love Me Not" in terms of lyrics, melodies, rhythms, repeated chorus structures, and style. (ECF No. 1*,* 9 ¶ 15.) This amount stands unrebutted and serves the purpose of reasonably quantifying FR's damages. Thus, after reviewing the entire Record, including Defendants lack of response or cooperation, the Court finds that FR is reasonably entitled to statutory damages in the amount of 80% of $150,000, or $120,000.

### III.     ATTORNEY'S FEES

The Copyright Act also provides that "the [district] court in its discretion may allow the recovery of full costs . . . [and] may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. FR seeks attorney's fees from Way in the total amount of $12,600.00. (ECF No. 26, 4.) In a copyright action such as here, the award of attorney's fees is within the Court's discretion, but the prevailing party is not automatically entitled to recover its attorneys' fees. *Disney Enter's*, 427 F. Supp. 2d at 817 (internal citations omitted). To determine whether such an award is warranted, the Court considers: (1) whether a complex or novel issue justified the litigation of the case; (2) whether the defendant made an attempt to avoid the infringement; and (3) whether the infringement was innocent. *Id.* Factors two and three weigh heavily in favor of FR because Way and Tellem acted willfully when they infringed upon FR's copyright, and later failed to answer or otherwise respond to the Complaint, causing FR to seek and obtain a default judgment in its favor. Thus, Way's infringement was not innocent. Based on

a review of the hours and the nature of the work undertaken by FR's attorney, the Court finds that the requested amount of attorney fees is warranted and reasonable. (*See* ECF No. 26-3.) As such, the Court **AWARDS** $12,600.00 to FR for attorney fees.

### IV.    CONCLUSION

Based on the foregoing, FR's Motion for Statutory Damages and Attorneys' Fees Subsequent to Default Judgment is **GRANTED**. FR is **AWARDED** statutory damages in the amount of $120,000 for defendant's willful copyright infringement and attorney's fees in the amount of $12,600.00. These amounts are in addition to the $5,305 the Court already awarded FR for court costs. (ECF No. 25, 5.)

**IT IS SO ORDERED** this 27th day of March, 2025.

                                        *s/John T. Fowlkes, Jr.*
                                        JOHN T. FOWLKES, JR.
                                        UNITED STATES DISTRICT JUDGE